ORFINGER, Judge,
concurring specially:
I concur with the result reached by the majority, but I disagree with the reasoning by which the result was reached.
Petitioner, a licensed Florida attorney, employed by Central Florida Legal Services, Inc., and practicing in Putman County, was appointed by the court to represent an indigent defendant charged with the crimes of burglary and grand theft. Petitioner’s motion asking to be relieved of the assignment was based on two grounds: (1) that federal law prohibited the appointment of Legal Services’ attorneys, and (2) that he was not competent to represent defendants in criminal matters.[1] The motion was apparently denied without a hearing to determine if the allegation of incompetency in criminal matters was true.
While I can agree that an indigent defendant charged with a crime has the right to the appointment of an attorney who can provide him with reasonably effective representation, it is quite another matter to say that an attorney appointed by the court to represent such an indigent defendant has a right to decline the appointment or may seek appellate relief to prevent the appointment merely because of policies established by that attorney’s employer.
The federal regulations do rtot prohibit the appointment, nor do I believe that Congress ever intended to regulate the practice of attorneys in the State courts. The ease of Sperry v. State of Florida, 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963), does not support any such notion. Sperry merely says that congress has the right to permit non-attorneys to practice before federal agencies. At the same time, the Supreme Court said that:
“Moreover, since patent, practitioners are authorized to practice only before the Patent Office, the State maintains control over the practice of law within its borders except to the limited extent necessary for the accomplishment of the federal objectives.”
83 S.Ct. at 1335. The limited extent necessary in that ease was the ability of the patent attorney to maintain his office and perform his services in Florida, although not a member of The Florida Bar. The Supreme Court never said that this non-attorney could practice law in the Florida courts or that Congress had the right to control the practice of law in the Florida courts.
Attorneys employed by Legal Services corporations practice before the courts of this state as do other practitioners. They are hired to appear in court. They subscribe to the same oath of admission, belong to the same Bar, and are subject to the same Code of Professional Responsibility as are other lawyers. Their obligations and responsibilities, together with their privileges, are those of other members of the practicing bar. There is no allegation here, nor any attempt to show that Bacharach was singled out because of any improper purpose or motive, but on the contrary, the record shows that he had publicly announced a willingness to participate in the representation of indigent defendants charged with crime in an appointment process applicable to other lawyers. I would deny relief on that ground.
The allegation of inexperience and incompetence in the area of criminal law raises a *116 different issue. While some members of the public (and some lawyers) may believe that the license to practice law qualifies a lawyer to handle any type of case, as a practical matter we know that is simply not so. We gain knowledge not only by what has been taught in school, but (probably to a much greater degree) by practical experience. Even the most experienced lawyer in a given area of the law is not necessarily equipped to handle a matter in other areas of the law in which he has no experience at all. How, then, can a lawyer who has not practiced very long and who states under oath that he has had absolutely no experience at all in handling criminal matters and that he cannot render effective assistance, be expected to learn enough criminal procedure and substantive criminal law in the short time between appointment and trial to be able to provide “reasonably effective assistance” to the defendant.
Trial courts, and appellate courts are daily faced with complaints of those convicted of crimes that they did not have effective assistance of counsel. The current test in cases seeking collateral relief on that ground is that expressed by Meeks v. State, 382 So.2d 673 (Fla.1980):
The appropriate test to be applied in determining whether defendant was afforded effective assistance of counsel is . . . whether counsel was reasonably likely to render and did render reasonably effective counsel based on the totality of the circumstances. (Emphasis supplied).
Id. at 675. When the court appoints a lawyer who asserts under oath that he cannot render effective assistance because of inexperience and incompetence in the area of criminal law, it seems to me that the court has boosted the defendant over the first rung of the ladder; i. e., the defendant has a built-in argument that his appointed attorney was not “reasonably likely to render” reasonably effective counsel. It also seems to me that the road is thus paved for the successful assertion that the attorney did not render the proper quality of representation.
The assertion by the State that a good lawyer can learn the rules and the law between appointment and the time of trial may be correct in many instances. However, I doubt that any person asserting that position would want his life or liberty to depend on counsel who says under oath that his training is insufficient and that he cannot effectively represent the defendant. I agree with the majority that the lawyers of Florida have admirably shouldered their responsibility to provide legal assistance to the poor. There are many qualified attorneys ready to assume the obligations and responsibilities cast upon them by the need to provide counsel to indigents, despite the often unrealistic compensation provided by law, so it hardly helps the system to appoint one admittedly unqualified. I would require the trial court to make a factual determination of the attorney’s qualifications, but would not grant relief on the other ground asserted.

. In pertinent part, his sworn motion said:
As an attorney I have had no experience with either the substantive or procedural aspects of criminal law, and I am therefore not presently competent to represent the Defendant. As a third (3rd) year law student I interned with a Legal Services’ program which did not provide legal assistance in criminal matters. Subsequent to my graduation from law school in January of 1976 I have been continuously employed by Legal Services’ programs, none of which have provided criminal representation. To date I have never represented anyone in a criminal matter nor have I assisted any other attorney in their preparation or trial of a criminal matter.